UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

TARA LEIGH HEMERICK,

    Plaintiff,
v.

SECOND CHANCE DETOX, LLC
D/B/A COMPASS DETOX,
TAMAR MARKOVICH,
DANIEL MARKOVICH,
JONATHAN MARKOVICH,

    Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, TARA LEIGH HEMERICK ("Hemerick"), brings this action against Defendants, SECOND CHANCE DETOX, LLC D/B/A COMPASS DETOX ("Compass Detox"), TAMAR MARKOVICH ("T. Markovich"), DANIEL MARKOVICH ("D. Markovich"), and JONATHAN MARKOVICH ("M. Markovich"), and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Hemerick was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Compass Detox was a Florida corporation that regularly transacted business in Broward County, Florida.

4. T. Markovich is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Compass Detox, ran the day-to-day operations and had operational control over

Compass Detox, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Hemerick.

5. D. Markovich is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Compass Detox, ran the day-to-day operations and had operational control over Compass Detox, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Hemerick.

6. J. Markovich is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of Compass Detox, ran the day-to-day operations and had operational control over Compass Detox, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Hemerick.

7. Compass Detox's business involves drug addiction rehabilitation.

8. Defendants have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce including but not limited to computers, phones, pens, and paper.

9. Upon information and belief, Compass Detox's gross sales or business done was in excess of $500,000 per year at all times material hereto.

10. Compass Detox was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

11. At all times material hereto, Hemerick engaged in interstate communication on a regular and recurrent basis including but not limited to phone and email with patient family members, probation officers, and court personnel in Ohio, New Jersey, New York, Utah, Colorado, North Carolina, California and other places.

12. Hemerick engaged in interstate commerce on a regular and recurring basis and is individually covered by the FLSA.

13. At all times material hereto, Compass Detox operated an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(B).

14. Hemerick worked for Defendants as a therapist.

15. Defendants failed to pay Hemerick's full and proper overtime wages.

16. Defendants knowingly and willfully refused to pay Hemerick's legally-entitled wages.

17. Attached as **Exhibit A** is a preliminary calculation of Hemerick's claims. These amounts may change as Hemerick engages in the discovery process.

18. Hemerick retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

19. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-18 above as if set forth herein in full.

20. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) time-and-a-half overtime pay and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

21. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791