UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 22-60728-civ-Singhal/Valle

TARA LEIGH HEMERICK,

    Plaintiff,

v.

SECOND CHANCE DETOX, LLC
D/B/A COMPASS DETOX,
TAMAR MARKOVICH,
DANIEL MARKOVICH,
JONATHAN MARKOVICH,

    Defendants.
_____/

**PLAINTIFF'S MOTION *IN LIMINE*
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, TARA LEIGH HEMERICK, by and through the undersigned counsel, files this Motion *In Limine* to exclude any evidence, argument, inference, or reference at trial regarding attorneys' fees, costs, liquidated damages, or Plaintiff's prior FLSA lawsuit against a different former employer; in support, Plaintiff states the following:

Any reference to attorney fees, costs, and/or liquidated damages pursuant to 29 U.S.C. 216(b) or otherwise should be excluded under Rule 401, Fed.R.Evid., because it is not relevant to proving Defendants' violations of the Fair Labor Standards Act. Such references should also be excluded under Rule 403 because it would create unfair prejudice and confusion of the issues in this FLSA matter. In fact, referencing attorneys' fees, costs or liquidated damages has no probative value and can only possibly be used to prejudice the jury. As such, any reference to attorney fees or liquidated damages at trial should be excluded.

"[T]here is no legal basis for referring to attorneys' fees and costs at trial. Attorneys' fees and costs are post-trial issues for the Court that do not relate to any question of fact for the jury to answer. *See* 29 U.S.C. § 216(b)." *Gordils v. Ocean Drive Limousines, Inc.*, No. 12-24358-CV, 2014 WL 4954141, at *1 (S.D. Fla. Oct. 2, 2014).

"[T]here is no legal basis to allow parties to refer to liquidated damages before the jury. Furthermore, it could be unduly prejudicial-with no probative value-for the jury to hear that Plaintiff may be awarded double damages if the jury finds that Defendants acted willfully. The parties must not refer to liquidated damages before the jury." *Id.* (Internal citations omitted.)

Plaintiff also seeks to exclude any reference to Plaintiff's prior FLSA lawsuit. On June 19, 2016, Plaintiff was one of eight (8) plaintiffs that filed suit under the FLSA against the owner of another drug treatment facility in the case of *Scorzelli et al v. Coleman*, Case No. 16-61320. There were two other cases filed against Coleman on behalf of three additional employees for unpaid wages under the FLSA.[1] Thus, Plaintiff was one of eleven (11) plaintiffs that filed claims against Coleman and were represented by the undersigned. All three cases resulted in settlements.

Plaintiff anticipates Defendants will try to introduce at trial evidence that Plaintiff was a plaintiff in a prior FLSA lawsuit to portray her as a "serial" filer of such claims, and that the undersigned represented her in that case. Such evidence has zero relevance or probative value regarding this case, will mislead the jury, confuse the issues, and be prejudicial to Plaintiff. It would also require Plaintiff to then present evidence, and potentially witnesses from that other case, to support the merit of that other case and rebut any arguments Defendants make regarding

---

[1] *See Morales et al v. Coleman*, Case No. 18-60787; *Livingston v. Coleman*, Case No. 16-62674.

Plaintiff's involvement in that other case. Such evidence would only serve to distract the jury and serve no probative value regarding the issues of this case.

Plaintiff respectfully requests the Court exclude evidence at trial regarding Hemerick's involvement in a prior FLSA lawsuit in 2016, where she was one of eleven (11) total former employees that brought such claims against the same defendant at that time.

WHEREFORE, Plaintiff requests that the Court enter an Order excluding any evidence, argument, inference, or reference at trial regarding attorneys' fees, costs, liquidated damages, or Plaintiff's prior FLSA lawsuit against a different former employer.

    Respectfully submitted,

    Koz Law, P.A.
    800 East Cypress Creek Road, Suite 421
    Fort Lauderdale, Florida 33334
    Tel:   (786) 924-9929
    Fax:   (786) 358-6071
    Email: ekoz@kozlawfirm.com

    _/s/ Elliot A. Kozolchyk_
    Elliot Kozolchyk, Esq.
    Florida Bar No. 74791

## **CERTIFICATE OF CONFERRAL**

I HEREBY CERTIFY that counsel for movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion and Defendants do not oppose exclusion of reference to attorney's fees or liquidated damages. The undersigned is still conferring with Defendants' counsel regarding exclusion of evidence regarding Hemerick's prior FLSA lawsuit and will file an amended certificate of conferral when Plaintiff's counsel has received Defendants' counsel's position.

*/s/ Elliot A. Kozolchyk*

Elliot Kozolchyk, Esq.