UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:22-CV-60728-AHS

TARA LEIGH HEMERICK,

    Plaintiff,

vs.

SECOND CHANCE DETOX, LLC, d/b/a COMPASS DETOX, TAMAR MARKOVICH, DANIEL MARKOVICH, JONATHAN MARKOVICH,

    Defendants.
_____/

### SECOND CHANCE DETOX LLC, d/b/a COMPASS DETOX'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*, [D.E. 45].

Defendant Second Chance Detox, LLC, d/b/a Compass Detox ("Compass Detox"), by and through undersigned counsel hereby responds in opposition to Plaintiff's Motion *in Limine* and Incorporated Memorandum of Law (the "Motion *in Limine*"), [D.E. 45].

Compass Detox does not oppose Plaintiff's request to exclude any reference to attorney fees, costs, and/or liquidated damages so long as Compass Detox is able to introduce evidence of its good faith in order to defend from any claim for liquidated damages. However, evidence of Plaintiff's prior FLSA overtime claim should not be excluded *in limine* as it can be utilized in trial pursuant to Fed. R. Evid. 404 as well as for impeachment purposes and is therefore not clearly inadmissible on all potential grounds.

# ARGUMENT

Plaintiff's Motion *in Limine* requests the Court "exclude any evidence, argument, inference, or reference at trial regarding attorneys' fees, costs, liquidated damages, or Plaintiff's prior FLSA lawsuit against a different former employer[.]" *See* Motion *in Limine*, [D.E. 45].

### A. Defendants Do Not Oppose Excluding References to Attorney Fees, Costs, and Liquidated Damages Except that Defendants Must Be Permitted to Introduce Evidence of Good Faith to Defend any Claim for Liquidated Damages.

Plaintiff asserts that evidence regarding attorneys' fees, costs, and liquidated damages are irrelevant to the claim at hand pursuant to Fed. R. Evid. 401, and that such references should also be excluded pursuant to Fed. R. Evid. 403 because they have no probative value and can only serve to unfairly prejudice and confuse the jury. *Id*.

With respect to Plaintiffs request to exclude any reference to attorney fees, costs, and/or liquidated damages, Compass Detox does not oppose this request to the extent that Compass Detox will not be precluded from introducing such evidence of its good faith in order to defend from any claim for liquidated damages. *See Hernandez-Sabillon v. Naturally Delicious, Inc.*, Case No. 9:15-cv-80812-Rosenberg/Brannon, 2015 WL 10550934, at *3 (S.D. Fla. Dec. 23, 2015) ("[T]he Court agrees with Defendant that Defendant may introduce evidence of its good faith in order to defend against any claim for liquidated damages.")

### B. Reference to Plaintiff's Prior FLSA Overtime Claim Must be Included at Trial.

Plaintiff further argues that references to her past FLSA overtime claim as well as the fact that Plaintiff's counsel represented her in such a case should be excluded because such evidence "has zero relevance or probative value regarding this case, will mislead the jury, confuse the issues, and be prejudicial to Plaintiff" as well as require her to present evidence from the past FLSA overtime claim to support the legitimacy and merit of that case. *Id*.

Evidence of Plaintiff's prior FLSA lawsuit, however, is relevant and probative and must be included into evidence at trial. "In fairness to all parties and their ability to put on a case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345, at *1 (S.D. Fla. Feb. 27, 2013).

Here, Compass Detox intends to introduce evidence in its defense of the matter, including evidence regarding Plaintiff's prior FLSA lawsuit, in order to demonstrate that Plaintiff had knowledge of the FLSA laws, and that her motivation in bringing the instant overtime claim was premised not upon vindicating her known rights. Accordingly, Fed. R. Evid. 404 would permit the admissibility of Plaintiff's prior acts, including evidence regarding her prior FLSA lawsuit, to "prove motive, intent, preparation, plan, or knowledge." *See* Fed. R. Evid. 404. Here, Compass Detox intends to use Plaintiff's past FLSA overtime claim to demonstrate her motive, plan, and knowledge as a disgruntled employee who elected to initiate the instant action for an unpaid overtime claim upon the termination of her employment. Accordingly, the outright exclusion of reference and/or evidence of Plaintiff's prior FLSA lawsuit on a motion *in limine* would be in error. *See Pineda v. Pescatlantic Group, LLC*, Case No. 16-25291-Civ-TORRES, 2018 WL 11346674, at *4 (S.D. Fla. Aug. 16, 2018).

Moreover, evidence from Plaintiff's prior FLSA lawsuit also has probative value for purposes of impeachment. *See Gutierrez v. Galiano Enterprises of Miami,* Corp. Case No. 17-24081-Civ-TORRES, 2019 WL 3302325, at *4 (S.D. Fla. Jul. 23, 2019) ("'[D]epending on the evidence offered at trial, evidence of other lawsuits might be used for impeachment,' if the evidence is relevant and undermines the allegations presented[.]") For example, Plaintiff's prior FLSA lawsuit could be used to impeach Plaintiff if she attempts to say that she did not complain or file suit for a period of time because she was unfamiliar with her rights. *See Torres v. Rock &*

3

*River Food Inc.*, No. 15-22882-Civ-Scola, 2016 WL 8716674, at *1 (S.D. Fla. May 11, 2016). Accordingly, Plaintiff's motion *in limine* as applied to her past FLSA overtime claim must be denied as it is not inadmissible on all potential grounds.

## CONCLUSION

Accordingly, for the reasons set forth above, Defendant Second Chance Detox, LLC d/b/a Compass Detox respectfully requests that this Honorable Court deny Plaintiff's Motion *in Limine* and Incorporated Memorandum of Law [D.E. 45] as set forth above, and for any and all other relief this Court deems just and proper.

Dated: May 1, 2023

Respectfully submitted,

TACHE, BRONIS AND DESCALZO, P.A.
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Telephone:   (305) 537-9565
Facsimile:   (305) 537-9567

By: */s/ Walter J. Tache*
 **Walter J. Tache, Esq.**
 Florida Bar. No. 028850
 wtache@tachebronis.com
 Marissel Descalzo, Esq.
 Florida Bar No. 0669318
 mdescalzo@tachebronis.com
 service@tachebronis.com
 *Counsel for Second Chance Detox,
 LLC d/b/a Compass Detox*

4

## **CERTIFICATE OF SERVICE**

I CERTIFY THAT, on this 1st day of May 2023, the foregoing was electronically transmitted via CM/ECF.

                              By: */s/ Walter J. Tache*
                                  **Walter J. Tache, Esq.**